UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA LEE LADEAUX,<br><br>Plaintiff,<br><br>vs.<br><br>JL PROPERTY MANAGEMENT; JOSH UTTERBACK; METASTONE PROPERTIES; EAST RIVER LEGAL SERVICES; SIOUX FALLS HOUSING AND REDEVELOPMENT COMMISSION; DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; MIDWESTERN MECHANICAL, INC.; LLOYD COMPANIES, INC.; ANIMAL CONTROL,<br><br>Defendants. | 4:23-CV-04084-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915 SCREENING FOR DISMISSAL |

Plaintiff, Linda Lee LaDeaux, filed a pro se lawsuit. Docket 1. LaDeaux moves for leave to proceed in forma pauperis and provided her financial affidavit. Docket 2. She moves for the court to appoint counsel. Docket 3.

## I. Motion for Leave to Proceed in Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d

152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of LaDeaux's financial affidavit, the court finds that she has insufficient funds to pay the filing fee. Thus, LaDeaux's motion for leave to proceed without prepayment of fees (Docket 2) is granted. This court now screens LaDeaux's complaint.

## II. 28 U.S.C. § 1915 Screening

### A. Factual Background

The facts alleged in LaDeaux's complaint are: Josh Utterback committed fraud against her when she rented housing property from him. Docket 1 at 4. Utterback managed Metastone Properties, LLC, from which LaDeaux rented housing. *Id.* LaDeaux's monthly rent was $800 per month. Docket 1-1 at 18. As a participant in the Housing Choice Voucher program, the Sioux Falls Housing and Redevelopment Commission paid $538 per month toward LaDeaux's rent, and she was responsible for the balance of $262 per month. *Id.* The Rosebud Sioux Tribe Emergency Rental Assistance program made a $3,735 payment to "Metastone Properties LLC Josh Utterback" on March 22, 2022, for payment of LaDeaux's portion of her rent. *Id.* at 2, 18. LaDeaux alleges that she did not receive credit for the $3,735 payment made by the Rosebud Sioux Tribe and was wrongfully evicted as a result. *Id.* at 18; Docket 1 at 4. LaDeaux asserts that Utterback committed fraud when he received the check for her rent from the Rosebud Sioux Tribe Emergency Rental Assistance program but did not

credit her account for the rental assistance. Docket 1 at 4; Docket 1-1 at 18. Because of this fraud, LaDeaux lost her Housing Choice Voucher. Docket 1 at 4; Docket 1-1 at 18.

Other concerns LaDeaux raises about Utterback's housing management is that (1) he did not put grab bars in her bathroom, (2) she did not receive keys to the property until March 26, 2022, and (3) he did not notify tenants of JL Properties until June 2022, but the complaint does not state the purpose or significance of the notice. Docket 1 at 4. She asserts that she faced health risks while a tenant in Metastone Properties that relate back to 2010. *Id.* at 1. Metastone would ask her to move instead of fixing any health code violations. *Id.* at 4. LaDeaux attaches to her complaint a copy of JL Property Management's Property Management Agreement, *see* Docket 1-1 at 27–31, and her lease agreement with Metastone Properties, *see id.* at 37–58.

In her civil cover sheet (JS 44), LaDeaux alleges that she has causes of action under the False Claims Act, Americans with Disabilities Act, and the civil rights provisions. *Id.* at 6. But the civil cover sheet is not a pleading and cannot supplement the pleadings to establish subject-matter jurisdiction. The civil cover sheet specifically provides that "the information contained herein neither replace[s] nor supplement[s] the filing and service of pleadings or other papers as required by law[.]" *Id.*; *see also Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers."); Fed. R. Civ. P. 7 (defining pleading to

include the complaint but not the civil cover sheet). The court gives LaDeaux the benefit of the doubt by construing her complaint to assert causes of action under these theories.

In her complaint, LaDeaux alleges state-law claims against Utterback and Metastone for slander, defamation of character, deceit, and fraud. Docket 1 at 1. She sues Animal Control due to unsanitary conditions because her upstairs neighbors' dog was deceased. *Id.* at 3. LaDeaux sues Sioux Falls Housing and East River Legal Services because they "did nothing to help" her. *Id.* at 4. The complaint does not state what claims are brought against JL Properties, Department of Housing and Urban Development, Midwestern Mechanical, and Lloyd Companies. *See id.*

LaDeaux seeks money damages for an unspecified amount. *Id.* at 5. She claims she is entitled to damages for her constant moving since 2010 "[b]ecause [the] owners neglect their dwellings" and she "[g]ot sick from dwellings." *Id.* She moves to set aside the state court order of eviction and seeks damages caused by deceit, acts constituting deceit, and fraud against her as an individual. *Id.* at 4.

**B. Legal Background**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D.

Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 35 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*,

261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

**C. Housing Accommodation**

The Americans with Disabilities Act (ADA) prohibits discrimination against a "qualified individual with a disability[.]" 42 U.S.C. § 12132. A valid claim under the ADA requires the plaintiff to allege that she has a disability that is protected by statute and that because of her disability she was denied "receipt of services or participation in programs or activities provided by a public entity." *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (quoting 42 U.S.C. § 12131(2)).

LaDeaux alleges violations of her civil rights for not providing housing accommodations as required by the ADA. Docket 1 at 6. She does not allege in her complaint that she has a disability or was denied from participating in a protected program or activity. *Id.* The only assertion LaDeaux makes related to a disability is the failure of Utterback to install grab bars, but she does not provide any facts asserting that these grab bars were related to a disability. *Id.* at 4. LaDeaux does assert that Utterback was associated with a public or

government-funded activity and that she was denied receipt of services or participation in programs by a public entity, but she does not allege that her denial of services or participation in programs was due to her disability. *See id.* Thus, LeDeaux's claim regarding housing accommodations fails to state a claim upon which relief can be granted and is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. False Claims Act**

LaDeaux asserts a cause of action under the False Claims Act (FCA). Docket 1 at 6. Under 31 U.S.C. § 3729(a)(1)(A), a person cannot knowingly present or cause to be presented "a false or fraudulent claim for payment or approval." "A prima facie case under § 3729(a)(1)(A) requires that '(1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent.' " *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1070 (8th Cir. 2016) (quoting *United States v. Basin Elec. Power Coop.*, 248 F.3d 781, 803 (8th Cir. 2001)). "*Pro se* plaintiffs may not bring False Claims Act actions." *Marshall v. Wells Fargo & Co.*, 2021 U.S. Dist. LEXIS 192634, at *2 (E.D. Ark Oct. 6, 2021) (citing *United States v. Onan*, 190 F.2d 1, 6–7 (8th Cir. 1951)).

Here, LaDeaux cannot bring a claim under the False Claims Act as a pro se plaintiff. *See Marshall*, 2021 U.S. Dist. LEXIS 192634, at *2; *Onan*, 190 F.2d at 6–7. Additionally, LaDeaux has not made a claim against the United States. Thus, LaDeaux's claim under the False Claims Act is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**E. Claims Against Other Defendants**

LaDeaux's complaint names as defendants Sioux Falls Housing, East River Legal Services, JL Properties, Department of Housing and Urban Development, Midwestern Mechanical, Lloyd Companies, and Animal Control. Docket 1 at 3–4. The complaint does not assert any claims against these defendants or otherwise allege that they were involved with violating LaDeaux's constitutional rights or are liable for the state law tort claims alleged in the complaint. Thus, LaDeaux fails to state a claim upon which relief can be granted, and the claims against Sioux Falls Housing, East River Legal Services, JL Properties, Department of Housing and Urban Development, Midwestern Mechanical, Lloyd Companies, and Animal Control are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**F. Subject Matter Jurisdiction**

Because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the court must consider whether LaDeaux's complaint involves a dispute or controversy within its jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**1. Diversity of Citizenship**

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486

F.3d 342, 346 (8th Cir. 2007) (citation omitted). LaDeaux, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). LaDeaux is a resident of South Dakota. Docket 1 at 6. While she does not specify the citizenship of all defendants, LaDeaux provided a South Dakota address for all defendants named in the case and states that the first defendant is a resident of Minnehaha County. *Id.* at 2, 6. LaDeaux seeks money damages, but she has not alleged that the amount in controversy exceeds $75,000. *See id* at 5. Thus, LaDeaux has not established diversity jurisdiction.

**2. Federal Question**

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. LaDeaux's federal ADA and False Claims Act claims and other civil rights violations have been dismissed. A plaintiff must be able to bring a suit under federal law for the claim to arise under the Constitution, laws, or treaties of the United States. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). LaDeaux alleges she had a Housing Choice Voucher from the Sioux Falls Housing and Redevelopment Commission, which is part of the federal Section 8 Housing Program. Docket 1-1 at 18; Sioux Falls Hous. & Redevelopment Comm'n, *Section 8 Housing Choice Voucher*, https://www.siouxfallshousing.org/housing-programs/section-8-housing-choice-voucher. When analyzing a Section 8 program claim, the Eighth Circuit has held that "Congress did not intend to

create enforceable rights for individual applicants nor to allow private enforcement of the Section 8 program." *Hill v. Grp. Three Hous. Dev. Corp.*, 799 F.2d 385, 394 (8th Cir. 1986). *See also Gladney v. Sureluck Homes LLC*, 2013 WL 2182797, at *4 (W.D. Mich. May 20, 2013) (stating that "[t]he mere fact that part of plaintiff's rent was paid under the federally funded Housing Choice Voucher Program does not displace state law, which generally governs the relationship between landlord and tenant, nor does it create a federal claim for allegedly wrongful eviction.").

LaDeaux received funding from the Rosebud Sioux Tribe Emergency Rental Assistance Program (RSTERAP). Docket 1-1 at 2, 18. The RSTERAP appears to be funded under the Consolidated Appropriations Act (CAA) of 2021, 15 U.S.C. § 9058a. Several courts have held that rental assistance programs under the CAA do not create a private right of action to establish federal jurisdiction. *See Turner v. Hamilton Cnty. Tr. Ass'n*, 2022 WL 1606289, at *4 (S.D. Ind. May 20, 2022) (holding that "there is no private right of action created, expressly or impliedly, by Congress in the CAA or the CARES ACT" and a cause of action is necessary for federal question jurisdiction under 28 U.S.C. § 1331); *Jasmine v. Gainey*, 2022 WL 10662879, at *3 (W.D. Pa. Aug. 11, 2022), *report and recommendation adopted*, 2022 WL 10516429 (W.D. Pa. Oct. 18, 2022) (holding that the CAA does not create a private cause of action and "[t]here is no authority to suggest that an alleged misuse of [Emergency Rental Assistance Program] funds by the [tenants] converts the alleged breach of an agreement to pay rent into a private cause of action under federal law.").

Several district courts have also held that if federal statutes are implicated in a breach of contract claim, the claim arises under state law, not federal law. *See Jafari v. Hous. Auth.*, 2018 U.S. Dist. LEXIS 112660, at *15 (D. Neb. June 15, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 111839 (D. Neb. July 5, 2018) (holding that while federal statutes are implicated, claims about breach of contract for federal funding for housing arise under state law, not federal law); *Cain v. Aradhyula*, 2015 WL 5829819, at *2 (E.D. Mo. Oct. 6, 2015) (collecting cases). *See also Falzarano v. United States*, 607 F.2d 506, 511 (1st Cir. 1979) (holding that federally subsidized housing project tenants cannot establish federal jurisdiction under a third-party beneficiary theory when private defendants were siphoning federal funds provided for the housing project). While the court is not obligated to follow decisions from other jurisdictions, the court finds these cases persuasive in determining whether this court has jurisdiction based on LaDeaux receiving federal funding.

The court by analogy finds that LaDeaux has not established federal question jurisdiction solely because tribal funds were used as part of her rental assistance. *See Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 672 (8th Cir. 1986) (holding that a housing authority created by and on behalf of a tribe was not sufficient for federal question jurisdiction and that "[b]ecause [a construction company's] breach of contract claim [against the housing authority] does not require interpretation of the validity, construction or effect of federal law, no subject matter jurisdiction over the Housing Authority based

on federal question exist[ed]"); *All Mission Indian Hous. Auth. v. Magante*, 526 F. Supp. 2d 1112, 1115 (S.D. Cal. 2007) (holding that under the Native American Housing Assistance and Self-Determination Act "a standard landlord-tenant dispute cannot be said to arise under federal law simply because the landlord is the housing authority for a number of federally-recognized tribes that is charged with using federal funds to provide subsidized housing to tribal members.").

Thus, LaDeaux's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) due to lack of subject-matter jurisdiction.[1]

### G. *Rooker-Feldman*

LaDeaux moves to set aside and to appeal to the district court from her state court eviction lawsuit. Docket 1 at 4; Docket 1-1 at 14, 32–35. The *Rooker-Feldman* doctrine bars attempts by parties to undermine state court decisions. The doctrine recognizes that district courts, with the exception of habeas corpus petitions, "lack subject matter jurisdiction over challenges to state court judgments." *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 832–33 (8th Cir. 2001) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Federal constitutional claims, like claims under 42 U.S.C. § 1983, are "inextricably

[1] LaDeaux has pleaded state-law claims that may be viable, but it would not be appropriate for the federal court to evaluate the merits of the state-law claims because the federal court lacks subject-matter jurisdiction. If she has valid state-law claims, LaDeaux would need to pursue those claims in state court.

intertwined" with a state court judgment if the federal claim only succeeds "to the extent that the state court wrongly decided the issue." *Ace Constr.*, 263 F.3d at 833. The *Rooker-Feldman* doctrine most often applies in cases where the individual who lost in state court complains in federal court of injuries caused by the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To the extent that LaDeaux requests monetary damages and an appeal of the judgment and decree in her state eviction proceeding, that claim is barred by the *Rooker-Feldman* doctrine.

Thus, it is ORDERED:

1. That LaDeaux's motion to proceed in forma pauperis (Docket 2) is granted.
2. That LaDeaux's ADA claim is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).
3. That LaDeaux's claim under the False Claims Act is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).
4. That LaDeaux's claims for monetary damages and an appeal of the judgment and decree in her state eviction proceeding are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).
5. That LaDeaux's claims against Sioux Falls Housing, East River Legal Services, JL Properties, Department of Housing and Urban Development, Midwestern Mechanical, Lloyd Companies, and Animal Control are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

6. That LaDeaux's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) due to lack of subject-matter jurisdiction.

7. That LaDeaux's state-law claims of slander, defamation of character, deceit, fraud, and uninhabitable conditions are dismissed without prejudice under 28 U.S.C. § 1367(c)(3), without considering the merits of the claims, because the court lacks subject matter jurisdiction.

8. That LaDeaux's motion for appointment of counsel (Docket 3) is denied as moot.

Dated October 17, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE